## BOSTON COMMUNITY MEDIA COMMITTEE, MINORITY CAUCUS, Appellant,

v.

## FEDERAL COMMUNICATIONS COMMISSION, Appellee.

### No. 73–2124.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 27, 1974.

Decided Jan. 15, 1975.

Frank W. Lloyd, III, Washington, D. C., with whom Charles M. Firestone, Washington, D. C., Edward Hayes, Jr., and Benjamin Jones, Boston, Mass., were on the brief, for appellant.

Daniel M. Armstrong, III, counsel, F. C. C., with whom Ashton R. Hardy, General Counsel and Joseph A. Marino, Associate Gen. Counsel, Washington, D. C., were on the brief for appellee.

John W. Pettit, Washington, D. C., also entered an appearance for appellee.

Before WILKEY, Circuit Judge, NICHOLS,* Judge, U. S. Court of Claims, and GASCH,** United States District Judge for the District Court of the District of Columbia.

PER CURIAM:

We are called upon to review two orders of the Federal Communications Commission, Heftel Broadcasting—Boston, Inc.,[1] and RKO General, Inc.[2] In the first order, the Commission approved the proposed assignment of the license of WROR–FM in Boston, Massachusetts, from RKO General, Inc. (RKO) to Heftel Broadcasting—Boston, Inc. (Heftel). It

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

** Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. 42 F.C.C.2d 1076 (2 August 1973).

2. 44 F.C.C.2d 1004 (25 January 1974).

also expressed its disapproval of an agreement between appellant, Boston Community Media Committee, Minority Caucus (Minority Caucus) and Heftel in which Heftel agreed, should it become the licensee of WROR–FM, to (1) hire a minimum number of minority persons for certain positions at the station; (2) broadcast certain short messages "directed to areas of education and controversy which BCMC [Minority Caucus] feels should be broadcast to our audience"; (3) broadcast "one hour of public affairs programming . . . as [a] community access hour . . ."; and (4) pay a subscription fee of $1,000 a year or 1% of its net profit before taxes, whichever is greater, to the Minority Caucus.[3] In the subsequent order, the Commission refused to reconsider its prior disapproval of the agreement on the ground that the entire matter had become moot since RKO and Heftel had decided not to consummate the assignment of license.

The Commission argues that this appeal should be dismissed for the same reason. We agree that this matter is now mooted by the decision of RKO and Heftel not to go forward with the assignment. However, we believe that the correct course is not to dismiss this appeal but, rather, to remand with a direction to the Commission to vacate its two orders and to enter in their place an order simply dismissing the matter as moot. In this way, the path is cleared for any future consideration by the Commission of the issues involved in agreements such as the one entered into by Heftel and the Minority Caucus without precedent having been established, the "review of which was prevented through happenstance."[4]

Although we have been importuned by the petitioners to express a view on the merits as to the Commission's refusal to approve the contract involved here, we wish to make quite clear that we are expressing no opinion as to the legality of the agreement entered into between the Minority Caucus and Heftel. The only error we find in the Commission's action, if this be error, is in the apparent citation of its action on the merits of these contract terms as a precedent, when the Commission considers (and we agree) that the whole matter has been mooted.

So ordered.

---

3. Joint Appendix, pp. 1a–3.

4. United States v. Munsingwear, 340 U.S. 36, 39–40, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950).